IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01991-BNB
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)


ANDREA HAMMOND, JD,

      Plaintiff,

v.

SHERIFF NEIKER,
FREMONT COUNTY SHERIFF'S OFFICE,
DEPUTY GOODMAN,
DEPUTY BANUFFICIO/DOE, (Spelling of last name unknown),
DEPUTY COLLUM, NURSE KATHY DOE, SGT. MILLER, and
  ANY DEPUTIES WORKING IN G POD THE NIGHT OF MS. HAMMOND"S ASTHMA
ATTACK,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Defendants filed a timely Notice of Removal on July 18, 2014, removing this

action from the District Court for the County of Fremont because the *pro se* Complaint

contains a claim for violation of the Plaintiff's constitutional rights, pursuant to 42 U.S.C.

§ 1983.  *See* 28 U.S.C. §§1441 and 1446.  The Plaintiff is incarcerated at the La Vista

Correctional Facility in Pueblo, Colorado.


The Court must construe the Complaint liberally because Plaintiff is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  The Court has reviewed the Complaint, pursuant to the United States District Court for the District of Colorado D.C.COLO.LCivR 8.1(b), and has determined that it is deficient.  For the reasons discussed below, Plaintiff will be ordered to file an Amended Complaint.

Plaintiff alleges that while held at the Fremont County Jail in Cañon City, Colorado, she was denied adequate medical care, sexually harassed, was housed with unsanitary and unhygienic persons, who defecated, urinated, and vomited in the living area, and was denied cleaning supplies in a timely manner.

The Prisoner Complaint is deficient in part because Plaintiff fails to allege specific facts to show the personal participation of Defendants in the violation of her constitutional rights.  Personal participation is an essential element of a civil rights action.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

To establish personal participation, Plaintiff must show how each individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that they cause.  *See Dodds v. Richardson, et al.*, 614 F.3d 1185

(10th Cir. 2010) (Tymkovich, J., concurring).

A supervisor, such as Sheriff Jim Beiker, can only be held liable for his own deliberate intentional acts. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Serna v. Colo. Dep't of Corrections*, 455 F.3d 1146, 1151 (10th Cir. 2006) ("Supervisors are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights."); *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) ("[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

Furthermore, Plaintiff must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  Accordingly, it is ORDERED that **within thirty days from the date of this Order** Plaintiff, Andrea Hammond, file an Amended Complaint that complies with the directives in this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain a Court-approved Prisoner Complaint form (with the assistance of her case manager or facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. to be used in filing the Amended Complaint.  It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Complaint that complies with this Order to the Court's satisfaction within the time allowed, the Court may dismiss this action without further notice for the reasons discussed above.

DATED July 21, 2014, at Denver, Colorado.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge