IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No. 14-cv-01991-BNB


ANDREA HAMMOND, JD,

     Plaintiff,

v.

SHERIFF BEICKER,
FREMONT COUNTY SHERIFF'S OFFICE,
DEPUTY GOODMAN,
DEPUTY BONFADINI,
DEPUTY BUNCH,
DEPUTY CULLEN,
NURSE CATHY DOE,[1]
SGT. MILLER, and
ANY DEPUTIES WORKING IN G POD THE NIGHT OF MS. HAMMOND'S ASTHMA
     ATTACK,

     Defendants.

---

ORDER TO DRAW IN PART AND TO DISMISS IN PART

---

Defendants filed a timely Notice of Removal on July 18, 2014, removing this

action from the District Court of Fremont County, Colorado, because the *pro se*

Complaint contains a claim for violation of the Plaintiff's constitutional rights, pursuant to

42 U.S.C. § 1983.   *See* 28 U.S.C. §§1441 and 1446.

Plaintiff is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado.

Under D.C.COLO.LCivR 8.1(b) a judicial officer of this Court is required to review

---

[1]  Based on the caption Plaintiff uses in the Response, ECF No. 15, that she filed on
September 9, 2014, the Court finds that Nurse Cathy Doe is Kathy Maestas.

pleadings filed by a prisoner to determine whether the pleadings should be dismissed summarily if she is challenging prison conditions or seeking redress from a governmental officer.  Because Plaintiff challenges the conditions of the Fremont County Detention Center during her detention there from July 2012 until April 2013, and seeks redress from deputies and a jail nurse, who are either government officers or employees, this Court has conducted an initial review of the Complaint pursuant to Local Rule 8.1(b).

On June 6, 2014, Magistrate Judge Boland directed Plaintiff to amend the Complaint pursuant to Fed. R. Civ. P. 8.  Specifically, Plaintiff was directed to assert her claims in a short and plain statement showing that she is entitled to relief and how each responsible defendant participated in the constitutional violation.  Plaintiff also was instructed that a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior and that to state a claim against a government official for conduct that arises out of supervisory responsibilities Plaintiff must state that the official is responsible for creating, implementing, or the continued operation of a policy, caused the harm, and acted with a state mind required to establish the alleged deprivation.  Plaintiff filed an Amended Complaint on August 12, 2014.

The Court must construe the Amended Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for *pro se* litigants.  *See Hall*, 935 F.2d at 1110.  Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity and dismiss the Complaint, or any portion of the Complaint, that is frivolous.  A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons discussed below, the Court will dismiss the Amended Complaint in part as legally frivolous and order the remaining claims drawn to a presiding judge and when applicable to a magistrate judge.

Plaintiff asserts three claims in the Amended Complaint: (1) a violation of her Eighth Amendment rights when Kathy Maestas and Deputy Bunch, based on policy established by Jim Beicker, denied Plaintiff access to her "rescue inhaler" during an asthma attack in August 2012 while she was detained at the Fremont County Detention Center in Cañon City, Colorado; (2) violation of her Eighth and Fourteenth Amendment rights when Sergeant Miller and Deputies Goodman, Bunch, and Cullen, based on policy established by Jim Beicker, systematically refused to provide cleaning supplies but required Plaintiff, and detainees in general, to clean up vomit, urine, and feces of other inmates, and exposed Plaintiff, along with other detainees, to an inmate who had a MRSA (Methicillin-resistant Staphylococcus aureus) infection; and (3) violation of the Fourteenth Amendment when in retaliation for reporting sexual harassment by Deputies Bonfadini, Goodman, and Cullen, Sergeant Miller placed her in administrative segregation and Deputy Cullen told another inmate that she had been a prosecutor, which severely threatened her safety.  Plaintiff seeks money damages.

The Court will order Claims One, Two, and the retaliation part of Claim Three drawn to a presiding judge and, if appropriate, to a magistrate judge.

Claim Three will be dismissed in part as asserted against Defendants Cullen, Goodman, and Bonfadini for the following reasons.

Article III of the U. S. Constitution gives the federal courts subject matter

3

jurisdiction only over cases and controversies.  U.S. Const. art. III, § 2, cl. 1; *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983).  Standing is a jurisdictional threshold for bringing a case in federal court and provides a test for determining whether a case or controversy exists.  *Smallwood v. Scibana*, 227 F. App'x. 747, 748 (10th Cir. Apr. 10, 2007) (unpublished).  The standing requirement in Article III "ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate."  *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).  To establish standing, "plaintiffs must allege (and ultimately prove) that they have suffered an 'injury in fact,' that the injury is fairly traceable to the challenged action of the defendants, and that it is redressable by a favorable decision."  *Initiative & Referendum Institute v. Walker*, 450 F.3d 1082, 1087 (10th Cir. 2006) (en banc) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

Standing is assessed on a claim-by-claim basis, and a plaintiff who has sufficient standing to raise some claims may lack standing to raise others.  *See, e.g.*, *Horstkoetter v. Dep't of Public Safety*, 159 F.3d 1265, 1279 (10th Cir. 1998).  Here, the claims Plaintiff asserts against Defendants Cullen, Goodman, and Bonfadini, regarding sexual harassment, are based on actions that they committed against other detainees, not Plaintiff.  Therefore, Plaintiff lacks standing to raise these claims on other inmates' behalf.

Also, Defendant Goodman's comment, made in front of Plaintiff, that he was "going to go get some girl drunk and take advantage of her when she passed out," *see* Am. Compl., ECF No. 11, at 6, does not state a claim that rises to the level of a constitutional deprivation.  A sexual harassment allegation may state an Eighth

4

Amendment claim. *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998); *see also*

*Frietas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (sexual harassment or abuse of an

inmate by a corrections officer never serves a legitimate penological purpose and may

result in severe physical and psychological harm which may constitute unnecessary and

wanton infliction of pain in violation of the Eighth Amendment) (citations omitted); but an

inmate must demonstrate that the alleged abuse or harassment caused pain and that

the responsible defendant acted with a sufficiently culpable state of mind. *Frietas*, 109

F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)).

Here, the alleged instance is not severe enough to be objectively, sufficiently

serious.  Plaintiff states that Defendant Goodman made the comment in front of her and

not to her; and Plaintiff does not state that the comment indicated Defendant Goodman

was stating he had sexual intentions towards her.  Further, even though Defendant

Goodman's comment may be unprofessional, the Tenth Circuit has found that "[v]erbal

harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42

U.S.C. § 1983." *Collins v. Cundy,* 603 F.2d 825, 827 (10th Cir.1979) (citations

omitted).  The sexual harassment claims asserted against Defendants Goodman,

Cullen, and Bonfadini will be dismissed as legally frivolous.

Also, the Fremont County Sheriff's Office is not a separate entity from Fremont

County, and, therefore, is not a person under 42 U.S.C. § 1983.  *See Stump v. Gates*,

777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).

Defendant Fremont County Sheriff's Office, therefore, will be dismissed as an improper

party to this action.

Finally, Defendants Deputies working in G Pod the night of Ms. Hammond's

Asthma Attack will be dismissed because Plaintiff failed to comply with the July 21, 2014 Order to Amend and state how these defendants personally participated in the alleged constitutional violations.  Accordingly, it is

ORDERED that the sexual harassment claims asserted against Defendants Cullen, Goodman, and Bonfadini are dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as legally frivolous and Defendant Bonfadini is dismissed from the action. It is

FURTHER ORDERED that Defendant Fremont County Sheriff's Office is dismissed as an improperly named party to this action.  It is

FURTHER ORDERED that Defendants Deputies working in G Pod the night of Ms. Hammond's Asthma Attack are dismissed without prejudice because Plaintiff failed to comply with the July 21, 2014 Order to Amend and state how these defendants personally participated in the alleged constitutional violations.  It is

FURTHER ORDERED that Claim One asserted against Defendants Nurse Kathy Maestas, Deputy Bunch, and Sheriff Beicker, Claim Two asserted against Defendants Sheriff Beicker, Sergeant Miller, and Deputies Cullen, Goodman, and Bunch, and the retaliation claim in Claim Three asserted against Defendants Sergeant Miller and Deputy Cullen shall be drawn to a presiding judge and if appropriate to a magistrate judge.  It is

FURTHER ORDERED that Plaintiff's Motion to Amend, ECF No. 10, is denied as unnecessary, and the Request for Information, ECF No. 10, is denied as moot.  It is

FURTHER ORDERED that the Motions to Dismiss, ECF Nos. 12 and 13, are denied without prejudice and with leave to refile at a later date.  It is

FURTHER ORDERED that the Motion to Stay All Proceedings, ECF No. 14, is denied as moot.

DATED at Denver, Colorado, this __17th__ day of __September_____, 2014.

BY THE COURT:

___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court