IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01991-MEH

ANDREA HAMMOND,

    Plaintiff,

v.

CATHY DOE, Nurse,

    Defendant.

---

### ORDER ON MOTION TO DISMISS
---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Kathy Maestas ("believed to be the individual identified in the caption as 'Nurse Cathy Doe'") [filed October 8, 2014; docket #32]. The matter is fully briefed and the Court concludes oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court **GRANTS** the Defendant's motion.

### BACKGROUND

Plaintiff, proceeding *pro se*, initiated this action on July 18, 2014 against the Fremont County Sheriff's Office, its sheriff and deputies, Nurse Cathy Doe, Sgt. Miller and "any deputies working in G pod the night of Ms. Hammond's asthma attack." Docket #3. Pursuant to a court order during initial review, Plaintiff subsequently filed an Amended Prisoner Complaint on August 12, 2014. Docket #11. Defendants responded by filing a motions to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) on August 26, 2014 (docket #12) and August 27, 2014 (docket #13). On September 17, 2014, the reviewing court dismissed the sheriff's office and the unnamed deputies

from the case, as well as a portion of Claim Three. Docket #17. Thereafter, on October 6, 2014, Plaintiff voluntarily dismissed the sheriff and the deputies and the sergeant from the case; thus, the only remaining Defendant was Nurse Cathy Doe. *See* dockets ##25, 37.

Plaintiff's operative claim against Defendant Nurse Cathy Doe (whom Plaintiff identifies in the pleading as "Nurse Kathy Maestas") is set forth in Claim One for a violation of the Eighth Amendment to the U.S. Constitution in the form of denial of medical treatment. Amended Prisoner Complaint, docket #11 at 4. Specifically, Plaintiff alleges:

> Kathy Maestas and Deputy Bunch denied me medical treatment in August 2012 when I was having an asthma attack. Jim Beiker was responsible for writing and enforcing the policies that Maestas and Bunch denied me medical treatment under- and those employees cited Jim Beiker's policies as reasons for denying me treatment. Deputy Bunch refused to call the on-call nurse or provide me with my prescribed rescue inhaler for my asthma attack that evening. I eventually passed out and regained consciousness hours later, but I was still having trouble breathing. I approached Nurse Kathy Maestas and she took my oxygen saturation level which was only at 83%. She said I "was fine" I asked what 17 % of her body she would want going without oxygen and told her I needed to go to a hospital. Nurse Maestas said the only way I'd get to the hospital "was in a body bag." This raised my anxiety level causing me to have a panic attack and made my already constrained breathing worse.

*Id.* For this claim, Plaintiff seeks "$75,000 in damages." *Id.* at 8.

Defendant Kathy Maestas filed the present motion to dismiss on October 8, 2014. Defendant Maestas asserts she was working as a nurse at the Fremont County detention center during the period relevant to the claims made in the Amended Complaint. Nurse Maestas argues that the only claim raised against her in the operative pleading is a violation of the Eighth Amendment set forth in Claim One, and that Plaintiff either fails to state the nurse's personal involvement or fails to state a constitutional claim as a matter of law. Docket #32. Pursuant to Fed. R. Civ. P. 6 and D.C. Colo. LCivR 7.1, Plaintiff's response to the motion was due to be filed on or before November 1, 2014;

however, without objection by the Defendant, Plaintiff filed a response to the motion on November 12, 2014 (docket #38). Defendant then filed a timely reply in support of her motion on November 25, 2014 (docket #39). The Court is now fully advised.

## LEGAL STANDARDS

### I. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191 (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged

cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id*. (quotation marks and citation omitted).

## II.     Dismissal of a Pro Se Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the

proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

## ANALYSIS

**I.    Eighth Amendment Claim**

The parties appear to agree that Plaintiff's sole claim against Defendant Maestas is contained in Claim One for violation of the Eighth Amendment when Maestas allegedly denied Plaintiff medical treatment. Maestas argues that Plaintiff's allegations fail to demonstrate she personally participated in any constitutional violation, Plaintiff's allegations reveal only a difference in opinion as to any treatment provided, Plaintiff's allegations do not constitute a sufficient serious medical need, and Plaintiff's allegations do not demonstrate Maestas knew of any risk of substantial harm.

Plaintiff responds that, as a trained nurse, Maestas knew the risks associated with asthma attacks and specifically knew about the severity of Plaintiff's asthma from information Plaintiff provided at intake and from the daily dispensing of Plaintiff's medication. Plaintiff also contends that Maestas knew about her panic attack and did nothing to prevent or treat it. Plaintiff asserts that Maestas' state of mind was revealed in her sarcastic comment regarding the "body bag." Finally, Plaintiff argues[1] that she was injured by the "unnecessary and wanton infliction of pain" caused by the panic attack and continued asthma attack that lasted all day until the "p.m. nurse" gave her the medication she needed.

Maestas replies that Plaintiff improperly seeks to add allegations in her response brief or

---

[1] Plaintiff mentions in her response brief that her allegations also state a Fourteenth Amendment claim. Construing the operative pleading liberally, the Court does not perceive the allegations support such claim; however, even if true, "the same analysis applies to both types of claims." *Harris v. Matthews*, 09-cv-02322-REB-MEH, 2011 WL 3510931, at *4 (D. Colo. July 25, 2011), *adopted by Harris v. Matthews*, 2011 WL 3489689 (D. Colo. Aug 09, 2011), (citing *Barrie v. Grand Cnty., Utah*, 119 F.3d 862, 867 (10th Cir. 1997) and *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)).

5

makes arguments contradicting the facts set forth in the Amended Complaint, and repeats her arguments that Plaintiff fails to state an Eighth Amendment claim as a matter of law.

Under the Eighth Amendment, prisoners are constitutionally entitled to "humane conditions of confinement guided by 'contemporary standards of decency.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1405 (10th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)). Accordingly, prison officials must "ensur[e] inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and ... tak[e] reasonable measures to guarantee the inmates' safety." *Barney v. Pulsipher*, 143 F.3d 1299, 1310 (10th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994)). Prisoners state a claim of cruel and unusual punishment under the Eighth Amendment by alleging prison officials demonstrated "deliberate indifference to a prisoner's serious illness or injury," or that prison officials "have, with deliberate indifference," involuntarily exposed a prisoner to conditions "that pose an unreasonable risk of serious damage to [the inmate's] future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Estelle,* 429 U.S. at 105.

Plaintiff must meet both the objective and subjective components constituting the test for deliberate indifference. *Callahan v. Poppell*, 471 F.3d 1155, 1159 (10th Cir. 2006). The objective component of a "deliberate indifference to a prisoner's serious illness or injury" claim is met "if the harm suffered is 'sufficiently serious' to implicate the Cruel and Unusual Punishment Clause." *Id*. (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1291 (10th Cir. 2006), *overruled on other grounds by Robbins v. Okla.*, 519 F.3d 1242 (10th Cir. 2008)). The Tenth Circuit established "a medical need is sufficiently serious 'if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Horton v. Ward*, 123 F. App'x 368, 371 (10th Cir. 2005) (quoting *Sealock v. State of*

*Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The subjective component of the claim is met if the Plaintiff demonstrates Maestas "knew [s]he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Callahan*, 471 F.3d at 1159 (quoting *Kikumura*, 461 F.3d at 1293). The subjective component requires an "inquiry into a prison official's state of mind when it is claimed that the official has inflicted cruel and unusual punishment." *Kikumura*, 461 F.3d at 1293 (quoting *Farmer*, 511 U.S. at 838). This component is equivalent to "criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of harm." *Beauclair v. Graves*, 227 F. App'x 773, 776 (10th Cir. 2007) (quoting *Mata v. Saiz*, 427 F.3d 745, 752 (10th Cir. 2005)). "A prisoner may satisfy the subjective component by showing that defendants' delay in providing medical treatment caused either unnecessary pain or a worsening of [the] condition." *Mata*, 427 F.3d at 755. However, "a delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.'" *Id.* at 751 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1276 (10th Cir. 2001)). Substantial harm includes "lifelong handicap, permanent loss, or considerable pain." *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001).

For Claim 1, Plaintiff alleges that she was "prescribed" a "rescue inhaler," and that she suffered a severe asthma attack from which she "eventually passed out" and when she regained consciousness, she still had trouble breathing. Taken as true, the Court finds Plaintiff's identified medical need constitutes a sufficiently serious condition "that has been diagnosed by a physician as mandating treatment." *See Sealock*, 218 F.3d at 1209.

In addition, the Plaintiff must allege facts demonstrating deliberate indifference to her health, such as when a prison official knew she faced a substantial risk of harm and disregarded that risk.

The Tenth Circuit has held that prevention of needed medical treatment would be considered deliberate indifference and evidence of a culpable state of mind. *See Self*, 439 F.3d at 1231. According to the allegations in this case, Maestas refused Plaintiff's request to be sent to a hospital after she learned that her oxygen saturation level was 83%. However, Plaintiff does not state how Maestas' refusal harmed her physically, except that she had a "panic attack," which "made [her] already constrained breathing worse." This allegation does not demonstrate that Maestas risked substantial harm to Plaintiff by her refusal to send Plaintiff to the hospital.

Moreover, Maestas' comment that the only way Plaintiff would get to the hospital "was in a body bag" might demonstrate disregard for Plaintiff's request, but the comment itself does not necessarily demonstrate a "conscious disregard of a substantial risk of harm." *Mata*, 427 F.3d at 752. Furthermore, to the extent Plaintiff claims any delay in medical treatment by her admission that she eventually received asthma medication by the "p.m. nurse," Plaintiff's allegations fail to demonstrate she suffered "substantial harm." *See Garrett*, 254 F.3d at 950.

In sum, the Plaintiff has not plausibly alleged facts supporting a viable Eighth Amendment claim against Maestas. Accordingly, the Court **grants** Maestas' motion to dismiss Claim One alleging an Eighth Amendment violation against Maestas.

## II.     Leave to Amend

Dismissal of a case under Fed.R.Civ.P. 12(b)(6) is "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989) (quoting *Morgan v. City of Rawlins*, 792 F.2d 975, 978 (10th Cir. 1986)). As such, in this jurisdiction, a court typically does not dismiss a claim under Fed. R. Civ. P. 12(b)(6) until the

plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10.

Here, the Plaintiff, although proceeding *pro se*, appears to be familiar with the applicable legal concepts and landscape, and she has a firm grasp of the facts and issues in this case, particularly considering that the issues closely resemble those in a lawsuit filed earlier this year, *Hammond v. Intervention, et al.*, 14-cv-00242-MEH. The legal issues stemming from the alleged constitutional violations are not overly complex, novel, or difficult to state or analyze.[2] Further, allowing Plaintiff to amend her Complaint to cure any deficiencies would be futile because the Court has determined that the well-pleaded facts, taken as true, do not state viable causes of action.

Moreover, the Plaintiff was alerted to the insufficiency of her claims against Maestas with the Court's order to file an amended complaint during initial review ("The Prisoner Complaint is deficient in part because Plaintiff fails to allege specific facts to show the personal participation of Defendants in violation of her constitutional rights. ... Plaintiff must explain in her Amended Complaint what each defendant did to her, when the defendant did the action, how the action harmed her, and what specific legal right she believes the defendant violated.") (docket #6); with Maestas' filing of a motion to dismiss on August 27, 2014 during the initial review stage of this litigation (containing essentially the same arguments as those in the present motion), as well as with the present motion filed October 8, 2014, but failed to seek leave to amend the pleading. In other words, the Plaintiff was given repeated notice and the opportunity to cure her defective allegations, but she did not seize the opportunity. *See Bellmon*, 935 F.2d at 1109-10 ("a motion to dismiss giv[es]

---

[2]Plaintiff also identifies herself in this case and in the earlier case with a "JD" after her name, which typically signifies "juris doctor"; however, it is unclear whether Plaintiff attended and graduated from law school.

9

plaintiff notice and opportunity to amend his complaint"). Consequently, the Court will not grant Plaintiff another opportunity to amend her pleading in this matter.

## **CONCLUSION**

The Court concludes that Plaintiff's Amended Prisoner Complaint contains insufficient allegations to plausibly state an Eighth Amendment claim as set forth in Claim One against Defendant Maestas.

Accordingly, the Court **GRANTS** the Motion to Dismiss Plaintiff's Amended Complaint filed by Defendant Kathy Maetas [filed October 8, 2014; docket #32] and directs the Clerk of the Court to close this case.

DATED this 29th day of December, 2014, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge